# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| CARL PLISCOTT, on behalf of himself and all others similarly situated stockholders of AYTU BIOSCIENCE, INC., <br><br> Plaintiff, <br> vs. <br><br> JOSHUA R. DISBROW, STEVEN BOYD, GARY CANTRELL, CARL C. DOCKERY, JOHN DONOFRIO, MICHAEL MACALUSO AND KETAN MEHTA, <br><br> Defendant. | Case No. _____ <br><br> **REMOVED FROM THE COURT OF CHANCERY OF THE STATE OF DELAWARE** <br> **C.A. No. 2019-0933-AGB** |

## NOTICE OF REMOVAL

Defendants Joshua R. Disbrow, Steven Boyd, Gary Cantrell, Carl C. Dockery, John Donofrio, Michael Macaluso, and Ketan Mehta (collectively "Defendants"), by counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove the above-entitled action, which is currently pending in the Court of Chancery of the State of Delaware, and state as follows:

### Background

1. On or about November 20, 2019, Plaintiff Carl Pliscott ("Plaintiff") commenced an action against Defendants in the Court of Chancery for the State of Delaware by filing a single-count Verified Class Action Complaint ("Complaint") alleging that Defendants, who are each members of the board of directors of Aytu Bioscience, Inc.

("Aytu"), breached their fiduciary duties by allegedly omitting certain information from a proxy statement filed by Aytu.

2. Plaintiff has also filed a Motion for Expedited Proceedings, and a Motion for Preliminary injunction in the Court of Chancery for the State of Delaware.

3. Plaintiff's Complaint, Summons, Motion for Expedited Proceedings, and Motion for Preliminary Injunction constitute "all process, pleadings and orders served upon" Defendant in this action to date. 28 U.S.C. § 1446(a), and copies of the same are attached hereto as Exhibits A through D, respectively.

**Timeliness of Removal**

4. Defendants received notice of this action through the purported service of Plaintiff's Complaint on Aytu's registered agent on November 21, 2019. Therefore, this notice of removal is timely under 28 U.S.C. § 1446(b) because less than 30 days have passed since Defendants received Plaintiff's Complaint.

**Removal Jurisdiction**

5. This action is properly removable under 28 U.S.C. § 1441 because this Court has original jurisdiction of this case under 28 U.S.C. § 1332, which provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332.

6. On information and belief, Plaintiff is a natural person and a citizen of the state of Texas.

7.     Each Defendant is a citizen of a state other than Texas, meaning that there is complete diversity of citizenship between all Plaintiffs and all Defendants.

8.     Joshua R. Disbrow is a natural person and a citizen of the State of Colorado.

9.     Steven Boyd is a natural person and a citizen of the State of New York.

10.    Gary Cantrell is a natural person and a citizen of the state of North Carolina.

11.    Carl C. Dockery is a natural person and a citizen of the State of Florida.

12.    John Donofrio is a natural person and a citizen of the State of South Carolina.

13.    Michael Macaluso is a natural person citizen of the State of Colorado.

14.    Ketan Mehta is a natural person and a citizen of the State of Florida.

15.    Based on a "'reasonable reading of the value of the rights being litigated'" the amount in controversy exceeds $75,000, exclusive of interests and costs. *See Aloise v. Giant of Md.*, No. 12-00897-LPS, 2013 U.S. Dist. LEXIS 42198, at *3 (D. Del. Mar. 26, 2013) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).  The Complaint seeks damages for an alleged breach of fiduciary duty that Plaintiff claims have harmed the 17,688,071 shares of Aytu common stock outstanding, which are currently trading at $0.83 cents per share.  This means that a possible harm of more than approximately $0.005 per share would be sufficient to exceed the $75,000 threshold in 28 U.S.C. § 1332.

16.    Removal to this Court is proper as the United States District Court for the District of Delaware embraces the Court of Chancery for the State of Delaware where the state court action was filed.

## **Notice to State Court and Plaintiff**

17. Pursuant to 28 U.S.C. § 1446(d), Defendants are promptly providing written notice of this removal to Plaintiff and will immediately file a copy of this Notice of Removal with the Register of the Court of Chancery for the State of Delaware.

## **Consent**

18. Each of the Defendants have consented to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

WHEREFORE, Defendants respectfully request that the above-entitled action be removed from the Court of Chancery of the State of Delaware.

[Signature to follow.]

Dated:  December 5, 2019    **DORSEY & WHITNEY (DELAWARE) LLP**

*/s/ Alessandra Glorioso*
Eric Lopez Schnabel (DE Bar No. 3672)
Alessandra Glorioso (DE Bar No. 5757)
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
Telephone: (302) 425-7171
Facsimile: (302) 425-7177
E-mail: schnabel.eric@dorsey.com
             glorioso.alessandra@dorsey.com

-and-

**DORSEY & WHITNEY LLP**
Milo Steven Marsden
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
E-mail: marsden.steve@dorsey.com

*Attorneys for Defendants Joshua R. Disbrow, Steven Boyd, Gary Cantrell, Carl C. Dockery, John Donofrio, Michael Macaluso, and Ketan Mehta*